NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

APR 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCELA DEL CARMEN TURCIOS LOPEZ; OSCAR NICOLAS GARCIA TURCIOS,[1]<br><br>     Petitioners,<br><br>  v.<br><br>PAMELA BONDI, Attorney General,<br><br>     Respondent. | No. 24-2447<br><br>Agency Nos.<br>A241-767-898<br>A241-767-899<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 1, 2025[**]
Pasadena, California

Before: M. SMITH and VANDYKE, Circuit Judges, and MAGNUS-STINSON, District Judge.[***]

---

[1] The Clerk is directed to correct Petitioner Oscar Nicolas Turcios Lopez's name on the case caption to Oscar Nicolas Garcia Turcios.

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Jane Magnus-Stinson, United States District Judge for the Southern District of Indiana, sitting by designation.

Petitioners Marcela Del Carmen Turcios Lopez and her son Oscar Nicolas Garcia Turcios seek review of a Board of Immigration Appeals (BIA) decision dismissing their appeal of a decision by an Immigration Judge (IJ) denying Petitioners' applications for asylum, withholding of removal, and Convention Against Torture (CAT) relief. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The record evidence supports the BIA's decision. Petitioners seek relief claiming Turcios Lopez was extorted by two criminal actors because of her membership in her purported particular social group, Salvadoran women. But Petitioners have not provided evidence that compels a finding contrary to the agency's that Turcios Lopez was extorted simply for money. This failure is dispositive of Petitioners' claims for both asylum and withholding of removal. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1024 (9th Cir. 2023) (Asylum and withholding of removal are "not available to those who have simply had the misfortune of becoming a victim of criminal misconduct abroad, motivated by the sorts of things (money, generally) that motivate criminals.").

As to Petitioners' CAT claim, the IJ made a dispositive finding that they did not meet their burden to demonstrate a particularized risk of torture upon return to El Salvador. The BIA determined that Petitioners failed to address and thus waived any challenge to this dispositive finding. Petitioners' opening brief here does not

challenge the BIA's waiver determination, and Petitioners have thus waived any challenge to the denial of CAT relief. *See, e.g.*, *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020).

**PETITION DENIED.**